## ROACRE, INC., etc. v. CABELLA DEVELOPMENT CORPORATION, N.V., etc.

### Case No. 84-37189

Eleventh Judicial Circuit, Dade County

April 18, 1985

#### APPEARANCES OF COUNSEL

**James F. Comander** for plaintiff.

**Joseph Portuondo** for defendant.

#### OPINION OF THE COURT

LEONARD RIVKIND, Circuit Judge.

This cause came on to be heard before this Court for trial without a jury and the Court having heard and received evidence and argument of counsel on March 27, 1985, the Court is now prepared to rule and enter this opinion in Final Judgment in this cause.

#### FINDINGS OF FACT

1. This Court has jurisdiction over the parties and the subject matter hereto.

2. On or about November 27, 1983 Cabella Development Corporation, N.V., a Netherlands Antilles corporation and Guillermo J. Freixas, as Trustee and/or Assigns entered into a certain contract in writing and duly executed, wherein and whereby the said Defendant agreed and obligated itself to sell and convey to Guillermo J. Freixas as Trustee and/or Assigns property located in Dade County, Florida. Said contract was admitted into evidence at the trial by stipulation of counsel.

3. Subsequent to the execution of the aforesaid contract, Guillermo J. Freixas as Trustee, assigned, transferred and conveyed all of his interests therein to Raul Fernandez-Valle and Armando E. Lacasa as Co-Trustees. A copy of said Assignment was admitted into evidence at the trial by stipulation of counsel.

4. On October 9, 1984, Raul Fernandez-Valle, as Co-Trustee and Armando E. Lacasa as Co-Trustee, assigned, transferred and conveyed all of their interest in said contract to Plaintiff, Roacre, Inc., a Florida corporation. Said Assignment was admitted into evidence at the trial by stipulation of counsel.

5. On or about November 25, 1983, Guillermo J. Freixas as trustee and Raul Fernandez-Valle, Trustee and/or Assigns, entered into a certain contract in writing, and duly executed, wherein and whereby the said Guillermo J. Freixas as trustee agreed and obligated itself to sell and convey to Raul Fernandez-Valle, Trustee and/or Assigns, property located in Dade County, Florida. The original of said contract was admitted into evidence at the trial by stipulation of counsel.

6. At all material times Roacre, Inc. was a Florida corporation authorized to transact business in the State of Florida.

7. At all material times Cabella Development Corporation, N.V., was a Netherlands Antilles corporation transacting business in the State of Florida.

8. At all material times Defendant, Cabella Development Corporation, N.V., was the owner of the real property involved in this litigation.

9. The contracts and assignments which were admitted into evidence were in writing and duly witnessed and acknowledged.

10. The contract sued upon provided for Court costs and attorney's fees to the prevailing party in the event proceedings were instituted to enforce the provisions of the contract.

11. During all times required by the $7,200,000.00 contract, either

61

the Plaintiff or its predecessors in interest were ready, willing, and able to comply with the terms and conditions of the contract.

12. The Court finds that the Plaintiff or its predecessors in interest have duly performed all the conditions of the contract or offered to do and perform all obligations required pursuant to the terms of the contract, except so far as they have been prevented, by the acts of the Defendant.

13. The Defendant knew of the existence of the $7,700,000.00 contract between Guillermo J. Freixas, Trustee, and Raul Fernandez-Valle, Trustee and/or Assigns by March of 1984.

14. Freixas was an independent contractor.

15. Pursuant to the terms of the $7,200,000.00, a proper tender of $400,000.00 was made to the Defendant on October 1, 1984.

16. Defendant acted in bad faith when it attempted to terminate the $7,200,000.00 contract based upon improper tender.

17. Without legal cause or justification, the Defendant refused to go forward with this transaction and advised the Purchaser in writing that it considered the contract between the parties terminated by letter dated October 2, 1984. Said letter was admitted into evidence at trial by stipulation of counsel.

18. The conduct of the Defendant in attempting to terminate the $7,200,000.00 contract constituted a default under the terms of the contract for sale and purchase and an anticipatory breach of said contract.

19. Seller's conduct has prevented Purchaser from continuing to perform its obligations under said contract thereby frustrating the agreement between the parties.

20. The Plaintiff is ready, willing and able to do any and all things which in equity and good conscience are necessary to enable the transfer of property to occur pursuant to the terms of the contract for sale and purchase.

21. The property described in the Complaint is unique; Seller would not be able to financially respond to a suit for monetary damages and the Plaintiff is without an adequate remedy at law.

22. The Defendant accepted the benefits of the $7,200,000.00 contract for seven months after learning of the existence of the $7,700,000.00 contract.

23. Acceptance of the benefits includes the continued use of

62

$400,000.00 and the expenditure of $100,000.00 by Plaintiff on behalf of the Defendant to obtain appropriate zoning of the property.

24. Purchaser advanced approximately $100,000.00 to facilitate the zoning of the subject property based upon a belief that this amount would be credited to the purchaser's account at closing in view of the fact that such expenses were the Defendant's obligations under the subject contract.

25. The Defendant waited seven months to raise the issue of fraud after learning of the existence of the $7,700,000.00 contract.

26. The Court finds the equities are with the Plaintiff and against Defendant. The Plaintiff is entitled to the relief it has sought.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter hereto.

2. The $7,200,000.00 entered into evidence was a valid contract, binding upon the Defendant and Plaintiff. Each of the contracts and assignments entered into evidence were valid contracts, binding upon the signatories.

3. This Court holds that the Defendant's termination of the $7,200,000.00 contract was without legal justification and therefore improper.

4. This Court holds the tender $400,000.00 made to the Defendant on October 1, 1984 was improper.

5. This Court holds that the Plaintiff sustained its burden of proof to establish that at all times required by the $7,200,000.00 contract either the Plaintiff or its predecessors in interest were ready, willing and able to comply with the conditions and terms of the contract.

6. This Court holds that the property described in the Complaint is unique and the Plaintiff is without an adequate remedy at law.

7. This Court holds that estoppel, waiver and laches preclude Defendant from raising the issues of fraud or "unclean hands" on the part of Plaintiff because Defendant accepted the benefit of the $7,200,000.00 contract for seven months before any action was taken to deny its validity.

8. This Court holds that the funds advanced by the purchaser are to be credited to the Plaintiff at closing as the expenses of zoning, in view of the fact that they were the obligations of the Defendant under the $7,200,000.00 contract.

9. This Court holds that the seller defaulted under the terms of the $7,200,000.00 contract by virtue of its attempt to terminate the contract by letter dated October 2, 1984 and its refusal to perform thereafter.

10. This Court holds the Defendant is obligated and required to comply with the terms of the subject contract.

ORDERED AND ADJUDGED as follows:

1. The Defendant shall comply with the terms of the $7,200,000.00 contract which is the subject of this litigation and accept the Plaintiff's tender of $400,000.00.

2. The Defendant shall thereafter comply with all other terms of said contract.

3. The Court hereby enters Judgment in favor of the Plaintiff and against the Defendant pursuant to the findings of fact and conclusions of law and Judgment being the same it is hereby entered.

4. The Court retains jurisdiction of this cause for the purposes of making such further Orders and Judgments as may be necessary and proper to enforce the terms of this Judgment, including an award of legal fees and costs to Plaintiff.